**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **SUSAN J. CAULEY** | | |
| **Plaintiff,** | : | |
| | : | **C.A.** |
| **VS.** | : | |
| | : | |
| **AMERIQUEST MORTGAGE COMPANY** | : | CA 07 035 ML |
| **Defendant** | : | |

**COMPLAINT**

**INTRODUCTION**

1. This action seeks redress against Ameriquest Mortgage Company for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 .

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

## PARTIES AND FACTS

### FACTS RELATING TO PLAINTIFF SUSAN J. CAULEY

4. Susan J. Cauley (Plaintiff) and her husband Richard H. Cauley Jr. reside at 2 Sisson Street, West Warwick, RI 02893.

5. On or about February 21, 2005 Plaintiff obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

6. In connection with the transaction, Plaintiff Susan J. Cauley received or signed the following documents:

1. A note in the principal amount of $ 199,000.00;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit A;
5. A One Week Cancellation Period form; attached as Exhibit B; and
6. A HUD-1 Settlement Statement.

7. On or about January 24, 2007 Plaintiff exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit C.

### DEFENDANT

8. Defendant Ameriquest is a National corporation with its principle place of business at 1100 Town and Country Road, Suite 900, Orange, CA 92868.

9. Ameriquest enters into more than 5 transactions per year in which credit is extended

that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

10. Ameriquest is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

11. Ameriquest is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

**COUNT I - TRUTH IN LENDING ACT**

12. Plaintiff incorporate ¶¶ 1-11 as if fully set out herein.

13. Because of the refinance transaction referenced herein were secured by Plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23.

14. The copies of the notice of right to cancel actually delivered to the Plaintiff referenced herein were defective in that they did not specify the date of the transaction and the date of the expiration of the rescission period.

15. By failing to indicate the date by which the right to cancel had to be exercised Ameriquest failed to give the Plaintiff clear and conspicuous notice of their right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23.

16. In the alternative, the Plaintiff alleges that any material disclosures deemed to be received by her was nevertheless defective for the following reasons: (1) The One Week Cancellation Period form (see attached exhibit) detracts from and obfuscates the Notice of Right to Cancel (see attached exhibit) since it suggests that the consumer has seven days to rescind

under TILA, which is not the case. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual without benefit of the TILA damages and protections of § 1635. The One Week Cancellation Period form also provides for a different method of calculating days and requires actual receipt of the notice by Ameriquest within the specified time. The provision of two inconsistent and confusing notices to cancel violates the "clear and conspicuous" disclosures requirement of 15 U.S.C. § 1635 and 12 C.F.R. § 226.23; (2) 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission.

17. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission.

18. The failure of the Defendant to honor/respond to the notice of rescission is a separate violation of 15 U.S.C. § 1640 (a) entitling the Plaintiff to an award of statutory damages.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant Ameriquest as follows:

1. A declaration that Plaintiff is entitled to rescind;
2. Rescission of the loan;
3. Statutory damages;
4. Attorney's fees, litigation expenses and costs.
5. Such other relief as the Court deems appropriate.

Respectfully submitted,

Christopher M. Lefebvre
Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
Bar # 4019

**JURY DEMAND**

Plaintiffs demand trial by jury.

Christopher M. Lefebvre